*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

ERIC LAMONT KING-PRICE JR,

    Defendant-Appellant.

UNPUBLISHED
June 17, 2026
1:42 PM

No. 375745
Charlevoix Circuit Court
LC No. 24-057514-FH

Before: BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his guilty-plea conviction of one count of larceny, MCL 750.356(3)(a), and one count of illegally selling or using a financial transaction device, MCL 750.157q, after he purchased and used stolen credit-card numbers. The Charlevoix Circuit Court sentenced defendant as a second-offense habitual offender, MCL 769.10, to concurrent sentences of 28 months' to 7.5 years' imprisonment on the larceny charge and 21 months' to 6 years' imprisonment on the financial-transaction-device charge. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arose when defendant purchased stolen credit-card numbers from an unknown person he had met on the Internet. Using two of the stolen card numbers, defendant paid for a trip to a ski resort with his girlfriend and their three children. At that time, defendant was unemployed and over $8,000 in arrears on a child support order payable to his girlfriend. Defendant charged over $5,000 to the cards for three nights at the resort, attraction tickets, meals, and clothing for his

---

[1] This Court originally denied defendant's application for leave to appeal. *People v King-Price*, unpublished order of the Court of Appeals, entered June 25, 2025 (Docket No. 375745). But the Michigan Supreme Court later remanded this case to our Court "for consideration as on leave granted." *People v King-Price*, 29 NW3d 476 (Mich, 2026).

children. Deputies from the Charlevoix County Sheriff's Department arrested defendant at the resort after the owner of one of the stolen cards reported fraudulent charges.

Defendant pleaded guilty as described.[2] The presentence investigation report (PSIR) revealed that defendant was previously convicted of two counts of illegally selling or using a financial transaction device in 2019. The PSIR recommended that the trial court assess offense variable (OV) 14 at 10 points because defendant was the leader in a multiple-offender situation. Over defendant's objection, the trial court followed this recommendation at his sentencing hearing. Subsequently, defendant filed a motion to correct an invalid sentence, arguing that the trial court's assessment of OV 14 was erroneous. During a hearing on that motion, the trial court explained that defendant's girlfriend and the unknown credit-card number seller were both offenders for purposes of scoring OV 14, and that defendant was the leader. This appeal followed.

## II. OFFENSE VARIABLE 14

Defendant argues that he is entitled to resentencing because the trial court erred by assessing OV 14 at 10 points. We disagree.

### A. STANDARD OF REVIEW

A trial court's factual determinations when scoring offense variables "are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Baskerville*, 333 Mich App 276, 291; 963 NW2d 620 (2020) (quotation marks and citation omitted). A factual finding is clearly erroneous "if we are left with a definite and firm conviction that the trial court made a mistake." *People v Dickinson*, 321 Mich App 1, 21; 909 NW2d 24 (2017). Furthermore, we review de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law . . . ." *Baskerville*, 333 Mich App at 292 (quotation marks and citation omitted).

### B. ANALYSIS

Under MCL 777.22, trial courts must score OV 14 in all felony cases. OV 14 requires trial courts to consider the defendant's role in the offense and assess 10 points if "[t]he offender was a leader in a multiple offender situation." MCL 777.44(1)(a). "The entire criminal transaction should be considered when scoring this variable." MCL 777.44(2)(a). In the context of OV 14, "[t]o lead is defined in relevant part as, in general, guiding, preceding, showing the way, directing, or conducting." *Baskerville*, 333 Mich App at 300 (quotation marks and citation omitted; alteration in original). In other words, "a trial court should consider whether the defendant acted first or gave directions or was otherwise a primary causal or coordinating agent." *Id.* (quotation marks and citation omitted). The other offender does not need to have been charged in connection

---

[2] Under the plea agreement, the prosecution agreed to dismiss an additional count of illegally selling or using a financial transaction device, MCL 750.157q, and a count of using a computer to commit a crime, MCL 752.796, and to charge defendant as a second-offense habitual offender instead of a fourth-offense habitual offender.

with the crime to count as an offender for the purpose of scoring the defendant's OV 14. *Dickinson*, 321 Mich App at 22.

Here, the trial court reasonably concluded that the unknown person who sold defendant the credit-card numbers was also an offender. This individual was clearly an offender because he or she could have also been charged with illegally selling a financial transaction device. See MCL 750.157q. Furthermore, when considering the entire criminal transaction, the trial court reasonably concluded that as between defendant and the unknown seller, defendant was the leader. Defendant was the one who actually used the credit-card numbers to commit the larceny; the seller simply enabled the crimes by offering the card numbers for sale. Defendant directed when, where, and how much to charge each card. In other words, defendant was the "primary causal" agent in this crime, and it was defendant's use of the card numbers that actually defrauded the victims. See *Baskerville*, 333 Mich App at 300.

After considering the entire criminal transaction, we conclude that the trial court did not clearly err when it found by a preponderance of the evidence that defendant was the leader in a situation involving multiple offenders.[3] Accordingly, the trial court correctly assessed OV 14 at 10 points.

Affirmed.

/s/ Mark T. Boonstra
/s/ Brock A. Swartzle

---

[3] Because we hold that the trial court did not clearly err when it found that defendant was the leader in a multiple-offender situation involving the unknown seller of the credit-card numbers, we need not determine whether the trial court clearly erred when it determined that defendant's girlfriend was also an offender for purposes of scoring OV 14.